34 N.J. Super. 267 (1955)
112 A.2d 23
STATE OF NEW JERSEY, PLAINTIFF,
v.
CHARLES W. WELECK, DEFENDANT.
Superior Court of New Jersey, Bergen County Court, Law Division (Criminal).
Decided February 15, 1955.
*268 Messrs. Toolan, Haney and Romond (Mr. John E. Toolan appearing), attorneys for the defendant Charles W. Weleck.
Mr. Guy W. Calissi, Bergen County Prosecutor (Mr. William Arnold, Assistant Prosecutor, appearing), attorney for the State of New Jersey.
O'DEA, J.C.C.
The defendant was indicted June 26, 1951 for misconduct in office and extortion as Borough Attorney of the Borough of Hillsdale for alleged offenses in March and July 1949. The Bergen County Court dismissed the indictments for not having been found within the then two-year statutory period of limitations (R.S. 2:183-2), but on appeal and certification to the Supreme Court of New Jersey they were sustained October 20, 1952 and remanded for trial. State v. Weleck, 10 N.J. 355 (1952).
The indictment for misconduct in office, a continuing offense and therefore not barred by the statute until two years from the last act of misconduct, was moved for trial before Judge Drenk and a jury March 16, 1953. The defendant was found guilty April 2, 1953. A motion for a new trial was denied by the trial judge, whose term has since expired, and sentence imposed April 20, 1953. An appeal from the conviction is still pending in the Appellate Division of the Superior Court.
At the trial the two principal witnesses for the State were David G. Lubben and Vincent F.X. Carlsen, his attorney. Lubben testified, and Carlsen corroborated his testimony, *269 that the defendant as Borough Attorney of Hillsdale demanded $15,000 for an amendment to the borough zoning ordinance to permit Lubben to operate a candy factory on his property in a residential zone. They produced a wire recording of the purported demand made in Lubben's home at the direction of Carlsen on March 4, 1949, but not disclosed to the prosecutor until June 1951 when they first reported the offense resulting in the indictment of June 26, 1951.
Lubben was thoroughly discredited on cross-examination and by direct evidence of a handwriting expert produced by the State who testified Lubben's signature to two pertinent letters were genuine after Lubben had denied these signatures.
Carlsen testified in his professional capacity as an attorney-at-law of this State of 20 years' standing, a member of a reputable law firm, retained by Lubben on recommendation of his parish priest. Throughout his corroborating testimony, Carlsen made it clear that his entire knowledge of the facts in issue, his personal attendance at all conferences, his telephone conversations, were solely in discharge of his professional duties. Attempts on cross-examination to elicit information from this witness to show more than a lawyer-client relationship and interest in the outcome of the trial were met by categorical denials. He denied any business interests with Lubben; denied any indebtedness between them, and denied any reason for personal vindictiveness toward the defendant.
Immediately following the trial, in fact, before sentence was imposed, the Bergen County Ethics and Grievance Committee commenced an inquiry into the professional conduct of Carlsen in the discharge of his duties as attorney for Lubben. As the investigation developed it was disclosed that in 1951 Carlsen and Lubben were engaged in a business transaction with another client of Carlsen wherein the three purchased a distillery in Puerto Rico upon a mutual understanding and representations that Carlsen's other client would pay half the purchase price with Carlsen and Lubben each paying one-quarter, but, in fact, by fraudulent arrangement between Lubben and Carlsen undisclosed to Carlsen's other *270 client, neither Lubben nor Carlsen would or did pay their quarter shares of the price, but purchased the distillery with the client's money and obtained their quarter shares by withholding the true purchase price from Carlsen's client. This fraudulent business transaction of Lubben and Carlsen, prior to the trial in 1951, unknown and unsuspected at the trial in 1953, resulted in Carlsen's suspension from the practice of law for three years and until further order, by the New Jersey Supreme Court on January 31, 1955. In the Matter of Vincent F.X. Carlsen, 17 N.J. 338.
As soon as these facts were disclosed to the defendant, pending the appeal of his conviction, application was made to the Appellate Division of the Superior Court for remand for application to the trial court for a new trial under R.R. 3:7-11(a), which was granted immediately following Carlsen's suspension by the Supreme Court.
At the hearing on the motion for a new trial plenary evidence was adduced to disclose that the Lubben-Carlsen relationship went beyond that of attorney and client; that there was an indebtedness of over $4,000 due from Lubben to Carlsen and his law partner for services at the time of trial when Carlsen denied any indebtedness between them, and that Carlsen was personally vindictive toward the defendant for a fee paid the defendant by a client of Carlsen. There was newly discovered evidence taken from the transcript of Lubben's testimony in United States v. Giglio (D.C.S.D.N.Y.), where he testified on January 17, 18, 19, 1955, admitting under oath to attempts to bribe government tax agents, extensive black market operations, and perjury. With the exception of some testimony of Carlsen's law partner, taken at the hearing for new trial, all the newly discovered evidence was taken from the record of the disciplinary proceedings against Carlsen in the Supreme Court which became a matter of public record open to inspection and admissible in evidence upon entry of the order of suspension. Prior thereto the records and files of the Bergen County Ethics and Grievance Committee were confidential. R.R. 1:16-3(b).
*271 On a motion for a new trial on newly discovered evidence in a criminal action the trial court is circumscribed in exercising its discretion to grant a new trial if required in the interests of justice (R.R. 3:7-11(a)) to determine that the newly discovered evidence (1) is material to the issues and not merely cumulative, impeaching or contradictory; (2) has in fact been discovered since the former trial and could not have been discovered before such trial with the exercise of due diligence; and (3) would probably change the result if a new trial is granted. State v. Hunter, 4 N.J. Super. 531 (App. Div. 1949); State v. Bunk, 4 N.J. 482 (1950).
Lubben and Carlsen were the two principal witnesses for the State. They were the only material witnesses. Lubben's discredited testimony might well have been totally rejected by the jury but for the fact it was corroborated by Carlsen who appeared to the jury as a reputable, disinterested attorney of 20 years' good professional standing, testifying for his client who was recommended to him by a parish priest. Therefore, the newly discovered evidence of the true relationship and interests of these two State's witnesses is material and not merely cumulative, contradictory or impeaching. Carlsen's unprofessional conduct with Lubben in the Puerto Rican distillery enterprise, resulting in his suspension, could not have been discovered before trial with any degree of diligence when the man himself on whom the fraud was perpetrated was not aware he was duped until after the trial. And without Carlsen's testimony, or with him at the trial as a witness discredited by his suspension, it may well be doubted whether a jury could find the guilt of the defendant established beyond a reasonable doubt.
In determining whether such newly discovered evidence as is disclosed in this case would probably change the result if a new trial were granted, consideration must be given to the general rule that when a person who has been suspended from the practice of law takes the stand as a witness, proof of his suspension may be admitted to discredit his testimony. *272 58 Am. Jur., Witnesses, 397, sec. 733. Where it appears that a material witness for the State has testified as a member of the bar in good standing in corroboration of his client, the only other material witness, both denying any relationship between them than that of attorney and client, when in fact newly discovered evidence will disclose both were engaged in a fraudulent business enterprise before the trial which resulted in the suspension of the attorney witness subsequent to the trial, a new trial should be granted that the attorney's suspension may be shown to discredit his testimony. Hyman v. Dworsky, 239 App. Div. 413, 267 N.Y.S. 539 (App. Div. 1933).
The jury should hear the truth, and the whole truth. They were not afforded this opportunity when Carlsen was offered as a material witness for they were justified in accepting his testimony as that given by a reputable member of the bar entirely disinterested in the outcome of the trial without any influencing connections or associations with Lubben than their professional relationship of attorney and client. He appeared as a witness who could not be discredited by any act he and his client had previously committed. Obviously they were mistaken if they accepted his testimony upon such a belief.
Where it is doubtful, as in this case, whether a jury would have found the guilt of the defendant to have been established beyond a reasonable doubt, had they known all the facts which were withheld from them, or were unknown to the defendant at the time of trial, and unascertainable before trial on exercise of due diligence, then, the interests of justice require that a new trial should be and therefore is hereby granted to the defendant.